**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5089-17T2

PETER V. PIROZZI GENERAL
CONTRACTING, LLC and UNITED
STATES SURETY COMPANY,

     Plaintiffs-Appellants,

v.

COUNTY OF CUMBERLAND,

     Defendant-Respondent.

_____

Submitted May 7, 2019 – Decided May 21, 2019

Before Judges Fisher and Enright.

On appeal from Superior Court of New Jersey, Chancery Division, Cumberland County, Docket No. C-000012-18.

Devlieger Hilser, PC, attorneys for appellants (Robert M. Dunn, on the brief).

Theodore E. Baker, Cumberland County Counsel, attorney for respondent (Melissa D. Strickland, Deputy County Counsel, on the brief).

PER CURIAM

In this appeal, we consider a trial court's decision to remove an appointed arbitrator based on a finding of "evident partiality." We affirm this decision.

Plaintiff, Peter V. Pirozzi General Contracting, LLC (PVPGC), entered into an agreement in 2015 with defendant, Cumberland County (County), to complete a window replacement project at the county library. A dispute arose regarding the project so, consistent with the terms of the parties' contract, PVPGC filed a demand for arbitration with the American Arbitration Association (AAA). County then joined United States Surety Company in the litigation. Before selecting the arbitrator, County confirmed that any arbitrator had to be an attorney with "no prior experience with regard to the representation of any of the parties." In March 2017, the parties agreed to appoint a New Jersey attorney as their arbitrator. During the selection process, the arbitrator had denied suing "either party or its representative."

Although arbitration commenced on January 23, 2018, during the second day of hearings, the County Administrator came in to observe the proceedings and recognized the arbitrator as an attorney who had sued the County's Board of Chosen Freeholders. This revelation caused County to become concerned about his neutrality. It promptly initiated an offsite records search that confirmed the arbitrator's firm had represented a union group against the Freeholder Board in

September 2012. That suit had concluded in January 2013. Based on this new information, County immediately notified all parties of its objection to the arbitrator's continuing involvement in arbitration.

While the arbitrator did not deny his firm had sued the Freeholder Board, he maintained this suit would not affect his impartiality in arbitration. He also contended County and the Freeholder Board were different entities. AAA then reaffirmed him as the arbitrator and notified the parties of its decision.

In response to AAA's decision, County declined to participate in any additional arbitration proceedings, claiming the arbitrator lacked impartiality. Still, arbitration continued without County. Therefore, County filed a complaint and an order to show cause, requesting that the arbitrator, AAA, PVPGC and United States Surety Company be restrained from proceeding with arbitration. County's application was denied and its complaint was dismissed. On March 5, 2018, after arbitration concluded, the arbitrator awarded PVPGC $71,526.22. He also denied County's claims against United States Surety Company.

County promptly sought to vacate this arbitration award, pointing to the arbitrator's failure to disclose his prior suit against the Freeholder Board and his misrepresentation that County and the Freeholder Board were different entities.

A-5089-17T2

On June 15, 2018, the trial court granted County's motion to vacate the award and denied plaintiffs' request to confirm the award. The instant appeal followed.

PVPGC and United States Surety Company argue the trial court's vacatur was improper because no statutory grounds existed to vacate the arbitration award. County disagrees, reiterating that once the selection for an arbitrator began, it plainly indicated the appointee had to be an attorney who had no previous experience regarding representation of any of the parties. Additionally, it claims the arbitrator was obliged to, but did not reveal his past adversarial relationship with County and when it was brought to his attention, he improperly asserted County and its governing body (the Freeholder Board) were not the same entity. County cites to N.J.S.A. 40:20-1 to confirm County and the Freeholder Board, in fact, are the same legal entity, and the Freeholder Board has exclusive jurisdiction over all matters pertaining to county affairs. Ultimately, County insists the arbitrator's prior representation against the Freeholder Board caused him to be impermissibly biased.

Our review of the trial court's decision is de novo. Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013). We owe no special deference to "[t]he 'trial court's interpretation of the law and the legal consequences that flow from the established facts....'" Town of Kearny v. Brandt, 214 N.J. 76, 92

(2013) (quoting <u>Manalapan Realty, LP v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995)). That being said, public policy in this state favors resolution of disputes through arbitration, especially in matters involving the public sector. For that reason, there is a "strong judicial presumption in favor of the validity of an arbitral award [and] the party seeking to vacate it bears a heavy burden." <u>Del Piano v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 372 N.J. Super. 503, 510 (App. Div. 2004). "[T]he party opposing confirmation ha[s] the burden of establishing that the award should be vacated pursuant to N.J.S.A. 2A:24-8." <u>Twp. of Wyckoff v. PBA Local 261</u>, 409 N.J. Super. 344, 354 (App. Div. 2009) (second alteration in original) (quoting <u>Jersey City Educ. Ass'n v. Bd. of Educ. of City of Jersey City</u>, 218 N.J. Super. 177, 187 (App. Div. 1987)).

N.J.S.A. 2A:24-8 provides four circumstances that authorize the vacation of an arbitration award. Of relevance here is only N.J.S.A. 2A:24-8(b), which permits vacatur "[w]here there was either evident partiality or corruption in the arbitrators, or any thereof."

We are satisfied the trial court properly considered the arbitrator's involvement in the 2012 suit, his initial failure to disclose his participation in this suit and his response to County's timely objection to his decision to remain in the role of arbitrator. The trial court not only ruled that County and the

Freeholder Board are one and the same entity, but surmised that if the arbitrator had not made that mistake of law, he would have conflicted himself out of this particular arbitration. The trial court explained:

> [i]t appears from the record that the past representation was probably not-he was not aware of it at the time that he signed the oath form, however, that oath form requires you to do a conflicts check. And the fact that he made an error of law in thinking that a suit against the Board of Chosen Freeholders of Cumberland County was somehow different than a suit against the County of Cumberland caused him to make that error.

With these findings, the trial court determined the arbitrator's prior adversarial relationship with the Freeholder Board constituted evident partiality and that County had "been clear since the time it realized who [the arbitrator was] that it would not have agreed to his appointment as arbitrator or to the appointment of any lawyer who had sued the County."

It is undisputed the arbitrator's suit against the Freeholder Board concluded a little more than four years after he was named arbitrator in this case. We are not satisfied this 2012 suit, which lasted into 2013, was too remote to affect the arbitrator's neutrality as an arbitrator. Moreover, if the arbitrator's participation in the 2012 suit against the Freeholder Board did not surface during his conflict checks, it is readily apparent his conflict checks were deficient. Furthermore, AAA's rules compel arbitrators to disclose any circumstance likely

6

to give rise to justifiable doubt as to the arbitrator's impartiality or independence so we find the arbitrator was bound to disclose his involvement in the 2012 suit under AAA's rules.

County only needed to prove evident partiality by a preponderance of evidence to prevail on its motion to vacate. <u>Del Piano v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 372 N.J. Super. at 509-10. We are satisfied the trial court properly found County met that low burden.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5089-17T2